1  Michael A. Angel (Bar No. 59085)
   MAngel@mmhllp.com
2  Zachary J. Brown (Bar No. 241837)
   ZBrown@mmhllp.com
3  MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4  Los Angeles, California 90071-3185
   Telephone:  (213) 620-0300
5  Facsimile:  (213) 625-1930

6  Attorneys for Defendant
   FEDERAL DEPOSIT INSURANCE
7  CORPORATION AS RECEIVER
   FOR INDYMAC FEDERAL BANK, FSB

8

9                UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11 MARGARITA SOLTE                    )   Case No. CV 10-5434 R
   CONSTANTINO, an individual;        )
12 JOSEPHINE  CONSTANTINO, an         )   **STATEMENT OF**
   individual,                        )   **UNCONTROVERTED FACTS AND**
13                                    )   **CONCLUSIONS OF LAW**
                 Plaintiffs,          )
14                                    )   Date:   October 4, 2010
          vs.                         )   Time:  10:00 a.m.
15                                    )   Ctrm:  8
   ONEWEST BANK, F.S.B., f.k.a.       )
16 INDYMAC FEDERAL BANK, a            )
   Federal Savings Bank organized and )
17 existing under the laws of the United )
   States; INDYMAC MORTGAGE          )
18 SERVICES, a business entity of     )
   unknown jurisdiction; MORTGAGE     )
19 ELECTRONIC REGISTRATION           )
   SYSTEMS, INC., a California        )
20 Corporation; TRUSTEE CORPS, a      )
   business entity of unknown jurisdiction; )
21 and DOES 1 through 50, inclusive,  )
                                      )
22               Defendants.          )
   _____)

23

24

25       After consideration of the papers in support of and in opposition to defendant

26 FDIC-Receiver's Motion for Summary Judgment and argument of counsel, the court

27 determines that the following facts have been established as,

28

LAW OFFICES
**MESERVE, MUMPER & HUGHES LLP**

0.0                                    1

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

# UNCONTROVERTED FACTS.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| **Appointment of the FDIC as Receiver for IndyMac** | |
| 1. On July 11, 2008, the Office of Thrift Supervision (the "OTS") closed IndyMac Bank, F.S.B. ("IndyMac Bank") and appointed the FDIC as Receiver for IndyMac. | OTS Order No. 2008-24 (Jul. 11, 2008) (Angel Decl., Ex. "A") |
| **The IndyMac Pass-Through Receivership** | |
| 2. On July 11, 2008, the OTS authorized the creation of a new institution, IndyMac Federal Bank, FSB ("IndyMac Federal"), and appointed the FDIC as conservator for IndyMac Federal ("FDIC-Conservator"). Also on July 11, 2008, the bulk of the assets and deposit liabilities of IndyMac were transferred to the FDIC-Conservator. | OTS Order No. 2008-24 (Jul. 11, 2008) (Angel Decl., Ex. "A") |
| 3. On March 19, 2009, the OTS closed IndyMac Federal and appointed the FDIC as receiver for IndyMac Federal. | 74 Fed. Reg. 15324 (Apr. 3, 2009) (available at: http://edocket.access.gpo.gov/2009/pdf/E9-7514.pdf) |
| 4. Also on March 19, 2009, substantially all of the assets and certain liabilities of IndyMac Federal were transferred to OneWest Bank, F.S.B. | Press Release, "FDIC Closes Sale of IndyMac Federal Bank" (Mar. 9, 2009) (available at: http://www.fdic.gov/news/news/press/2009/pr09042.html) |
| **The FDIC's Worthlessness Determination** | |
| 5. On November 12, 2009, the Board of Directors of the FDIC formally | FDIC Board's Resolution (Nov. 12, 2009) (Angel |

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

0.0

2

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| determined that the assets of both IndyMac receivership estates are insufficient to make any distribution on claims of general unsecured creditors and therefore such claims have no value. | Decl., Ex. "D") |
| 6. In particular, the Board of Directors of the FDIC determined that the total assets of the IndyMac Bank receivership are $63 million while total deposit liabilities are $8.738 billion. | FDIC Board's Resolution (Nov. 12, 2009) (Angel Decl., Ex. "D") |
| 7. In addition, the Board of Directors of the FDIC determined that the IndyMac Federal receivership has total assets of $5.3 billion, an amount that is insufficient to satisfy the administrative expenses of the IFSB receivership, which total $7.964 billion. | FDIC Board's Resolution (Nov. 12, 2009) (Angel Decl., Ex. "D") |
| 8. On November 18, 2009, the FDIC published a notice of the "worthlessness determination" in the Federal Register, and the FDIC provided notice by mail to general unsecured creditors, including Plaintiffs, that their claims have no value. | Notice of Worthlessness Determination, 74 Fed. Reg. 59540-41 (Nov. 18, 2009) (Angel Decl., Ex. "E") |

## CONCLUSIONS OF LAW

9.  Article III of the United States Constitution grants federal courts jurisdiction to decide only actual "cases or controversies." *See* U.S. Const. Art. III,

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

0.0

3

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

§ 2; *Gator.com Corp. v. L.L. Bean, Inc.,* 398 F.3d 1125, 1128 (9th Cir. 2005).

10.   The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." *Siskiyou Reg'l Educ. Project v. U.S. Forest Serv.,* 565 F.3d 545, 559 (9th Cir. 2009).

11.   Creditors are paid cash dividends only after the administrative expenses of the FDIC-Receiver and the depositors are paid in full in accordance with the priority scheme established by 12 U.S.C. § 1821(d)(11)(A). *See also Franklin Bank v. FDIC,* 850 F. Supp. 845, 848 (N.D. Cal. 1994).

12.   Even if Plaintiffs were to prevail on their claims against the FDIC-Receiver, they would not be paid in cash; as a general unsecured creditor of IndyMac Federal, they would only be entitled to a receivership certificate.

13.   The FDIC-Receiver's liability to any creditor of IndyMac Federal is strictly limited by law to the amount such creditor would have received had the institution been liquidated:

> The maximum liability of the Corporation, acting as receiver or in any other capacity … to any person having a claim against the receiver or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution…12 U.S.C. § 1821(i)(2).

14.   No equitable relief can be awarded against FDIC-Receiver. 12 U.S.C. § 1821(j); *Sahni v. Am. Diversified Partners*, 83 F.3d 1054 (9th Cir. 1996).

15.   Plaintiffs can recover nothing from the FDIC-Receiver because there are insufficient assets in the receivership estate for any payment to be made to general unsecured creditors.

16.   A court may dismiss claims under the doctrine of prudential mootness where "common sense or equitable considerations … justify a decision not to decide

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

0.0

4

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW

a case on the merits," even if the claims fall within the court's Article III jurisdiction. *In re AOV Indus., Inc.,* 792 F.2d 1140, 1147 (D.C. Cir. 1986); *see also Franks v. Bowman Transp. Co.,* 424 U.S. 747, 756 n.8 (1976).

17.  There is no reason to continue litigating Plaintiffs' claims against the FDIC-Receiver because there is no possibility that Plaintiffs will obtain any recovery, even if they were to prevail on their claim.

18.  A party moving for summary judgment need only show the absence of evidence supporting the nonmoving party's claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).

19.  Plaintiffs have not provided sufficient evidence to demonstrate a genuine issue of material fact in support of their claims against the FDIC-Receiver, further entitling the FDIC-Receiver to summary judgment. *See Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir. 1994); *Smolen v. Deloitte, Haskins & Sells,* 921 F.2d 959, 963 (9th Cir. 1990).

20.  Judgment shall be entered in favor of the FDIC-Receiver, consistent herewith.

Dated:  Nov. 5, 2010

_____

Judge, United States District Court


LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

0.0

5

[PROPOSED] STATEMENT OF
UNCONTROVERTED FACTS AND
CONCLUSIONS OF LAW